D. M. ROGERS, Cecil B. Jordan, H. H. Reeves, H. M. Behling and D. H. Reeves, Plaintiffs,

v.

FIRST NATIONAL BANK OF ST. GEORGE, First National Bank in Orangeburg, and William B. Camp, Comptroller of the Currency, Defendants.

Civ. A. No. 69-134.

United States District Court
D. South Carolina,
Charleston Division.

March 19, 1969.

Nathaniel W. Cabell, Charleston, S. C., for plaintiffs.

F. Hall Yarborough, Orangeburg, S. C., for First Nat. Bank of St. George.

Charlton B. Horger, Orangeburg, S. C., for First Nat. Bank in Orangeburg.

Klyde Robinson, U. S. Atty., Columbia, S. C., for Comptroller of Currency.

## ORDER

SIMONS, District Judge.

The within action was commenced by the plaintiffs against the defendants as a class action for themselves as stockholders and on behalf of all other stockholders of the defendant First National Bank of St. George, similarly situated to them, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The jurisdiction of this court is invoked upon the basis that it arises under National Banking Law contained in Title 12 of the United States Code, as amended, respecting merger and consolidation of national banks. Both defendant banks are national banking associations having been organized and chartered pursuant to provisions of Title 12 of the United States Code; and the defendant William B. Camp, Comptroller of the Currency, is vested under National Banking Laws with the administration of the provisions of said Acts, including the merger and consolidation of national banking associations under Title 12, Sections 215a(a) and (b), and Section 1828(c).

Plaintiffs' complaint alleges generally that heretofore on or about September 23, 1968 an agreement to merge the defendant banks into the resultant bank to be known as the "First National Bank in Orangeburg" was approved by a majority of the Board of Directors of said banks; that the merger agreement provided among other things "this agreement shall be ratified and confirmed by the affirmative vote of the share holders of each of the banks owning at least two-thirds of its capital stock outstanding, at a meeting to be held on the call of the Directors; and the merger shall become effective at the time specified in a certificate to be issued by the Comptroller of the Currency of the United States, under the seal of his office, approving the merger." The complaint further alleges that the Board of Directors of the First National Bank of St. George did not call a meeting of the shareholders as required by the merger agreement and as required by Title 12, U.S. Code, Section 215a(a) (2); and that the merger agreement has not been ratified and confirmed by the affirmative vote of at least two-thirds of the capital stock outstanding at a meeting of the shareholders held on the call of its directors.

In addition to asserting that the Board of Directors of defendant First National Bank of St. George did not legally and properly call a meeting of its shareholders as required by the merger agreement and by Section 215a(a) (2), supra, plaintiffs' complaint further alleges that at the purported meeting of the shareholders of said defendant held on November 18, 1968 numerous irregularities occurred "with respect to the conduct of the meeting, casting of ballots, tallying of ballots, and other matters, so as to invalidate any purported result of the balloting on the prospective merger." The irregularities complained of may be briefly stated as follows:

1. That the shareholders meeting was not properly called by a majority of the Board of Directors.

2. That four weeks notice of such shareholders meeting was not given after the Board of Directors meeting of October 28, 1968 which ratified the calling of the shareholders meeting on November 18, 1968.

3. That no record date for shareholders entitled to vote at the shareholders meeting was established by the Board of Directors at least ten days prior to such meeting, and no stockholders list of the stockholders entitled to vote at such meeting was prepared, both of which were required by the statutory corporation law of South Carolina as contained in Title 12 of the Code of Laws of South Carolina for 1962, Sections 12–16.6 and 12–16.7, respectively.

4. That many proxies were voted at the shareholders meeting which were not executed by the shareholder himself and that such votes were improper, and that under the provisions of Section 12–16.14 of the South Carolina Code of Laws for 1962, as amended, all proxies must be executed by the shareholder himself, and no relative, even a spouse, can legally execute such proxy.

5. That more than 400 shares by proxy were voted in favor of merger at the shareholders meeting which were undated as required by Section 12–16.14(c) of the South Carolina Code of Laws for 1962, as amended, and as is also mandated by Section 2 of the By-Laws of the defendant First National Bank of St. George, which provides "proxies shall be dated and shall be filed with the records of the meeting."

6. That the proxy for 130 shares of Joseph W. Wimberly dated November 18, 1968 was not voted "in favor of" nor "against" the merger, but was nevertheless counted "in favor of" the merger at the shareholders meeting.

7. That one or more of the officers and/or directors of the defendant First National Bank of St. George had entered into or had agreed to enter into an employment contract with the defendant First National Bank of Orangeburg that he or they would be employed by the resultant bank at an increased salary, or would be placed upon the Board of Directors, which tainted their position with self-interest and was contrary to the representation contained in the proxy statement distributed to the shareholders of the defendant First National Bank of St. George in reference to the merger certifying that "First National Bank in Orangeburg has not entered into or agreed to enter into an employment contract with any shareholder, director or officer." [1]

Plaintiffs further allege that because of the foregoing irregularities the requisite two-thirds affirmative vote of the record shareholders of the St. George Bank failed to vote for the merger as required by Section 215a(a) (2) of Title 12 of the United States Code; and that plaintiffs are informed and believe that defendant William B. Camp, Comptroller of the Currency, is about to issue his certificate under the seal of his office approving the merger of the two defendant banks effective February 24, 1969; that plaintiffs would be irreparably injured if the banks are permitted to merge; that the defendant banks and the defendant Comptroller of the Currency should be restrained and enjoined from consummating the merger until the plaintiffs have had an opportunity to present substantial issues to this court which will establish that the defendant banks have not complied with the requirements of their merger agreement and the provisions of Sections 215a(a) (2) and 215a(a) (3) of Title 12 of the United States Code; and that they are therefore not entitled to merge or consolidate into a single banking institution.

The plaintiffs moved on the basis of their verified complaint at chambers on February 21, 1969 for a temporary restraining order, under the provisions of

---

1. At the hearing before the court plaintiffs' counsel further contended that the proxy statement representation above quoted was in violation of Section 11.3, Schedule B, Item 9(4) of Title 12 of the Code of Federal Regulations, which provides as follows:

"If any director or officer has entered into or has agreed to enter into an employment contract with a resulting bank, state the name of such officer or director, together with a brief description of the contract."

Rule 65(b) of the Federal Rules of Civil Procedure, temporarily restraining and enjoining the defendant banks from consummating the merger, and the defendant Comptroller of the Currency from issuing any Certificate of approval of merger.

Pursuant to said motion the court, acting upon what it considered a proper showing on the part of plaintiffs, issued its temporary restraining order on February 21, 1969 at 11:45 a.m. temporarily restraining the defendants until February 26, 1969 at 12:00 a.m. from effectuating the proposed merger of the two defendant banks. The temporary restraining order required the plaintiffs to give security in the sum of $15,000 conditioned upon the payment of such costs and damages as may be suffered by the defendants if plaintiffs failed to prevail; and the. defendants were ordered to show cause on February 26, 1969 at 10:00 a.m. why the restraining order should not be continued as prayed for in plaintiffs' complaint.

Upon request of counsel for all defendants and with the consent of counsel for plaintiffs the hearing on the Rule was continued one week, and reset for March 5, 1969 at 10:00 a.m.

Thereafter on March 4, 1969 the attorney for plaintiffs and the United States Attorney for the District of South Carolina, as attorney for defendant Comptroller of the Currency, filed a stipulation agreeing that the defendant Comptroller of the Currency be dismissed as a party to this action upon his representation that he would not issue any certificate finally authorizing the merger of the two defendant banks so long as there was an outstanding order from this court enjoining them from consummating the merger. Pursuant to such stipulation the court on March 4, 1969 issued its order dismissing the Comptroller of the Currency as a party defendant.

On March 5, 1969 both defendant banks filed their returns to plaintiffs' complaint and the court's rule to show cause. By their returns each defendant bank generally denied the material allegations of plaintiffs' complaint, and specifically denied that the South Carolina Statutes as contained in Title 12 of the 1962 South Carolina Code of Laws, as amended, were applicable to the issues in this case since the defendant banks are both national banking corporations chartered under and pursuant to Acts of Congress, and neither were State chartered institutions. The defendant banks pray that the temporary restraining order be dismissed, and that they be permitted to consummate their merger according to their agreement, and the approval that they have obtained from the United States Department of Justice, The Federal Depository Insurance Corporation, the Federal Reserve Bank, and the Comptroller of the Currency. They also ask that they be permitted to present evidence as to damages they have suffered by reason of the within action of the plaintiffs against them.

Counsel for the defendant banks also asked that their returns be considered as their answers on the merits to plaintiffs' complaint which request was approved by the court.

The court on March 5, 12, and 17, 1969 held hearings in which all testimony tendered by plaintiffs and defendants was heard. The court also required the defendant, First National Bank of St. George, to produce all of the original proxies and written ballots which were cast and counted at its stockholders meeting on November 18, 1968, at which it reported that 11,791½ of its shares of capital stock voted in favor of the merger. This amounted to 124½ votes over and above the required two-thirds majority of 11,667 shares, [2] which represents two-thirds of the total of 17,500 shares of outstanding capital stock. The court also has before it numerous exhib-

2. See plaintiffs' Exhibit 7, minutes of special stockholders' meeting of the First

National Bank of St. George held Monday, November 18, 1968.

its introduced in evidence by plaintiffs and defendants, including photographic copies of several meetings of the Board of Directors of the First National Bank of St. George, the minutes of the special meeting of the stockholders of the St. George Bank held on November 18, 1968, the By-Laws of the Bank (plaintiffs' Exhibit 9), the agreement of the two banks to merge (plaintiffs' Exhibit 2), St. George Bank's proxies statement (plaintiffs' Exhibit 10), letter notice and newspaper notice of the special stockholders meeting of the St. George Bank (plaintiffs' Exhibits 1 and 11).

After a careful consideration of all of the evidence, and for the reasons announced orally at the conclusion of the hearing, when the court expressed its views and rulings as to each of the major issues raised by plaintiffs in this proceeding, it is concluded that a majority of the Board of Directors of the First National Bank of St. George[3] properly called a special meeting of the shareholders of that bank to be held November 18, 1968; that a record date for stockholders entitled to vote was established as of November 18, 1968, the date of the stockholders meeting by the proxy statement (plaintiffs' Exhibit 10); that proper newspaper and written notices of the special meeting were given to the shareholders; that a written merger agreement which met the requirements of Section 215a(a) (1), (2), (3) and (4) of Title 12 of the United States Code, as amended, was agreed upon by a majority of the Board of Directors, and ratified and confirmed by the affirmative vote of the shareholders owning at least two-thirds of the capital stock outstanding of the First National Bank of St. George. The court further finds plaintiffs have failed to prove by a preponderance or greater weight of the evidence that defendants have failed to comply substantially with the requirements of Section 215a(a) of the United States Code, *supra*, the By-Laws of the First National Bank of St. George (plaintiffs' Exhibit 9), and the merger agreement adopted by the defendant banks (plaintiffs' Exhibit 2).

It is further concluded that the statutory laws of South Carolina contained in Title 12 of the 1962 South Carolina Code of Laws as amended, and particularly Section 12–16.1, et seq., do not apply to the defendants' merger proceedings. They are national banking corporations chartered and existing under the laws of the United States, and their merger is governed and controlled by the applicable Federal Statutes and regulations, not by State law. [4]

As stated in its oral rulings dictated into the record at the conclusion of the hearing on this date the court finds that several of the proxies voted at the shareholders meeting were not dated as required by Section 2 of the Bank's By-Laws; that several of the proxies were voted by parents as natural guardians for their children, some by husbands for their wives, and at least one by a corporate officer on behalf of his corporation, without any power of attorney or written authority for so doing having been submitted to the officers of the

---

3. There is no issue herein of any irregularities in reference to the approval of the merger agreement by the defendant First National Bank of Orangeburg.

4. The court concedes that, if plaintiffs' contention that the State statutes apply to defendants' merger proceedings where such State statutes are not in direct conflict with the Federal Statutes, there has been no legal election by the shareholders of the defendant First National Bank of St. George as required by said State statutes, since a record date for stockholders entitled to vote at the special shareholders meeting not more than 50 days nor less than 10 days before the shareholders meeting as required by Section 12–16.6 of the 1962 South Carolina Code, as amended, was not established by the bank's Board of Directors; neither was the list of stockholders entitled to vote at the shareholders meeting prepared by the bank as required by Section 12–16.7 of the South Carolina Code as amended, either of which would have made a nullity of the shareholders election in favor of the merger agreement.

Bank along with such proxies. Also the court found no error in counting the proxy ballot of Joseph W. Wimberly for 130 shares dated November 18, 1968 in favor of the merger under the circumstances disclosed by the record, which included a written statement by Wimberly that it was his intention and desire to cast and in fact did cast his ballot in person for the merger; further, that at least six or seven other ballots which he owned outright or which were cast as natural guardians for his children were all marked in favor of the merger; and the further fact that as a director of the St. George Bank he had been in favor of and had worked actively for the merger from the beginning of the negotiations with the Orangeburg Bank.

■ The court considers it quite significant that all of the plaintiffs in this action and all of the testimony from witnesses adduced by plaintiffs at the hearings before the court involved individuals and stockholders of the St. George Bank who were against the merger from the beginning, and whose shares were all voted and counted against the merger at the stockholders meeting on November 18, 1968. The record is completely devoid of any evidence or complaint from any shareholder whose shares were voted and counted for the merger to the effect that they were not notified fully concerning the merger, or that they were misled, prejudiced, hoodwinked, compromised, or defrauded in any manner, or that their ballot counted in favor of the merger was contrary to their intent or desire. The court therefore concludes that only the shareholders whose votes were counted in favor of the merger can now be heard to complain about or object to the alleged irregularities in the stockholders meeting, and the voting of the shareholders thereat in connection with the merger; and that the plaintiffs, all of whom voted against the merger and represent the owners of less than one-third of the outstanding shares of the voting stock of the St. George Bank, have no standing to complain about and take advantage of such irregularities, so as to vitiate the election.

The court therefore concludes that its temporary restraining order issued without notice to the defendants under date of February 21, 1969 should be dissolved.

The issue of whether the South Carolina Statutes which are not in conflict with the Federal Statutes should apply and govern the merger proceedings between the defendant banks as contended by plaintiffs is one of novel impression to this court, and counsel for the parties and the court through its own independent research have been unable to find any decided cases on point with such issue. Thus, in view of the strong position taken by the plaintiffs and the lack of authority on this point the court concludes that its temporary restraining order should be continued in effect for a sufficient length of time for plaintiffs to file a notice of appeal to the Fourth Circuit Court of Appeals, and to apply to a Judge of that Court for a temporary restraining order or temporary injunction pending the appeal, if they so desire.

It is, therefore, ordered that the temporary restraining order issued on February 21, 1969 prohibiting defendants from consummating or concluding the merger of the two defendant banks into the First National Bank in Orangeburg shall be dissolved as of midnight March 31, 1969.

And it is so ordered.